UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VANESSA MCCORKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22 CV 89 |
| | ) |
| SECOND ROUND SUB, LLC, | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

This matter is before the court on defendant Second Round Sub, LLC's motion to dismiss. (DE # 19.) For the reasons that follow, the motion is denied.

In May 2021, Second Round Sub filed a complaint against plaintiff Vanessa McCorker in the Lake Superior Court under cause number 45D04-2105-CC-3228, in which Second Round Sub sought to collect a debt in the amount of $1,739.77. (DE # 1 at 2; DE # 22-1 at 2.)[1] In June 2022, the Lake Superior Court granted summary judgment in favor of Second Round Sub in the amount of $1,739.77. (DE # 22-1 at 7.)

Plaintiff filed the present federal action in April 2022, while the state court action was still pending. (DE # 1.) Plaintiff, proceeding *pro se*, alleges in her complaint that defendant committed fraud by filing the state court action. (*Id.* at 2.) In her complaint,

---

[1] The court may properly consider the exhibits to defendant's motion to dismiss because defendant's motion poses a factual challenge to this court's subject matter jurisdiction. *See Apex Digital, Inc. v. Sears, Roebucks & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (cleaned up)).

plaintiff seeks the dismissal of the state court action and damages. (*Id.* at 3.)

Defendant now moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction. (DE # 19.) Defendant's motion is based on the *Rooker-Feldman* doctrine, which derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine precludes a district court from adjudicating a case only when the federal suit started *after* a state court has ruled against the federal plaintiff. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Cossio v. Blanchard*, 836 F. App'x 434, 436 (7th Cir. 2020); *Straw v. Indiana Supreme Ct.*, 692 F. App'x 291, 294 (7th Cir. 2017). Thus, the *Rooker-Feldman* doctrine is not applicable here because plaintiff filed the federal action in April 2022, before she received a final judgment in the state court in June 2022. Rather, the relevant doctrine is issue preclusion, otherwise known as res judicata. *See Cossio*, 836 F. App'x at 436.

Defendant improperly raised the issue of res judicata for the first time in its reply brief. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time

2

in a reply brief as waived."); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Bodenstab v. Cty. of Cook*, 569 F.3d 651, 658 (7th Cir. 2009). Defendant argued that the court could consider the issue *sua sponte*. However, before the court could reach the substantive question of whether plaintiff's claim is barred by issue preclusion, the court must assure itself of subject matter jurisdiction. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."); *see also Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 535 n.4 (7th Cir. 2004) ("[W]e may not consider the issue of res judicata because we lack the subject matter jurisdiction to do so[.]").

The court can discern no basis for the exercise of subject matter jurisdiction in this case. No federal question appears present (28 U.S.C. § 1331) and the amount in controversy is well below the $75,000 threshold applicable to any case based on diversity of citizenship (28 U.S.C. § 1332).

Plaintiff's complaint alleges that this court has original subject matter jurisdiction based on diversity of citizenship pursuant to § 1332. (DE # 1.) For the court to have diversity jurisdiction, no defendant may be a citizen of the same state as plaintiff, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). As the party seeking to invoke this court's jurisdiction, plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut.*

*Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Plaintiff failed to allege the citizenship of the parties in her complaint, or allege a sufficient amount in controversy.

Diversity jurisdiction is based on diversity of citizenship, and citizenship, for natural persons, "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Plaintiff must allege each natural person's citizenship based on where they intend to live over the long run, rather than their residency.

A limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Thus, a limited liability company is a citizen of every state of which any of its members is a citizen. *Mut. Assignment & Indemnification Co. v. Lind-Waldock*, 364 F.3d at 861. Accordingly, the "name and citizenship of each member of a limited liability company must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)). "[T]his may need to be traced through multiple levels if any of [the LLC's] members is itself a partnership or LLC." *Mut. Assignment & Indemnification Co., LLC*, 364 F.3d at 861. Furthermore, a plaintiff must state the citizenship of each such member at the time the complaint was filed. *See Thomas*, 487 F.3d at 533-34. Plaintiff must therefore identify each member of

4

Second Round Sub, LLC, and each such member's citizenship, as of April 11, 2022, the date the complaint was filed.

## IV. CONCLUSION

Accordingly, the court **DENIES** defendant Second Round Sub, LLC's motion to dismiss. (DE # 19.) The court **ORDERS** plaintiff to file a supplemental jurisdictional statement, on or before **February 6, 2023**, identifying the citizenship of the parties, as discussed above, and the amount in controversy. Plaintiff may request jurisdictional discovery from defendant to help her identify the citizenship of its members. As an alternative to providing responses to jurisdictional discovery, defendant may file a notice with the court, by the same February 6, 2023, deadline, identifying the citizenship of its members. Plaintiff's failure to timely file a supplemental jurisdictional statement will result in this cause being dismissed without further notice.

**SO ORDERED.**

Date: January 6, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5